UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERNEST JACK,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. 14-153 MJP-BAT

**REPORT AND RECOMMENDATION**

       Pro se Petitioner Ernest Jack filed an *informa pauperis* petition for writ of habeas corpus. Dkt. 7. On February 12, 2014, the Court ordered Mr. Jack to file an amended habeas petition. Dkt. 9. Mr. Jack also requested the appointment of counsel. Dkt. 8. That motion was denied without prejudice. Dkt. 10.

       Mr. Jack's federal habeas petition consists of an incomplete form 2254 habeas petition with what appears to be a re-dated copy of the personal restraint petition that he presumably filed with the Washington Court of Appeals. In that petition, Mr. Jack challenged his 2009 conviction by guilty plea to two counts of rape of a child in the second degree and one count of assault in the second degree, in King County case number 09-1-03801-1. Dkt. 7, p. 1. He contends that he was not competent at the time he pled guilty and that his counsel was ineffective for failing to raise the competency issue. *Id.* The Court advised Mr. Jack to present his federal habeas claims

REPORT AND RECOMMENDATION- 1

on the Court's form for 2254 habeas petitions, to name the appropriate respondent (identified by the Court as Jeffrey Uttecht), sign and verify the petition, and to properly indicate the procedural history relating to his claims. He has not done so. Instead, Mr. Jack filed two letters with the Clerk. In the first letter, Mr. Jack states that he wishes to amend his habeas petition to clarify the charges he wishes to dispute ("I am not disputing the charges for E.J. but I am disputing the charge of assault in the 2nd degree on M.J.). Mr. Jack states that he understood his guilty plea to be for E.J. only and did not learn of the other charge until he was in prison and had been told by his counsel to sign papers withdrawing his appeal. Dkt. 11. In his second letter, Mr. Jack states that he should be given an attorney to help him file his habeas petition because he has medical problems that limit his ability to concentrate and focus. Dkt. 12.

Because it appears that the state courts have not had a full and fair opportunity to act on Mr. Jack's habeas claims, the claims are unexhausted and not properly before the Court recommends Mr. Jack's § 2254 petition be **DENIED** and the matter be **DISMISSED without prejudice**.

## DISCUSSION

Under the exhaustion doctrine, a federal court may not grant habeas relief to a state prisoner unless he has properly presented his claims to the state courts and exhausted all state remedies. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This does not appear to have happened here. Although requested to do so, Mr. Jack has failed to clarify whether he has exhausted the remedies available to him in the Washington

REPORT AND RECOMMENDATION- 2

state courts and whether his habeas petition has been timely filed in this Court. Mr. Jack asserts in his habeas petition that he filed an appeal of his 2009 guilty plea with the Washington Court of Appeals and that the appeal was denied on September 8, 2012. Dkt. 7, p. 2. From the attachments to his habeas petition, it appears that the appeal to which he refers was in the form of a personal restraint petition. However, he does not indicate whether he appealed the denial of the claims raised in his personal restraint petition before the Washington Supreme Court.

Because the state courts have not had a full and fair opportunity to act on Mr. Jack's habeas claims, his claims are unexhausted, not properly before the Court, and should be dismissed without prejudice. It may be that on review, the state courts will grant Mr. Jack the relief he requests and make habeas intervention by this Court unnecessary. Should the highest state court deny relief, Mr. Jack should note that a § 2254 petition must be filed within one year of the judgment entered in the state courts, and the failure to timely file in this Court may bar relief. *See* 28 U.S.C. § 2244(d).

If Mr. Jack can provide proof that he has, in fact, exhausted his claims in the Washington Supreme Court, he should provide that proof in his written objections, if any, to this Report and Recommendation.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regards to Mr. Jack's habeas petition. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

REPORT AND RECOMMENDATION- 3

1  are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

2  327 (2003).  The Court recommends a COA not be issued.  No jurist of reason could disagree

3  with the Court's determination that the claims presented are unexhausted.  Mr. Jack should

4  address whether a COA should issue in his written objections, if any, to this Report and

5  Recommendation.

6  **CONCLUSION**

7  Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears

8  from the petition that the petitioner is not entitled to relief.  Here, the Court cannot grant relief

9  because the claims presented are unexhausted.  The Court therefore recommends **DENYING**

10  Mr. Jack's § 2254 petition and **DISMISSING** the matter **without prejudice**.  The Court also

11  recommends denying issuance of a COA.

12  A proposed Order accompanies this Report and Recommendation.  Any objections to this

13  Recommendation must be filed by Friday, **March 28, 2014**.  The matter will be ready for

14  Court's consideration on Tuesday, **April 1, 2014**, and the Clerk should so note it.  Objections

15  shall not exceed seven pages.  The failure to timely object may affect the right to

16  The Clerk shall also provide a copy of this Report and Recommendation to Petitioner and

17  to the Honorable Marsha J. Pechman.

18  DATED this 7th day of March, 2014.

19

20  BRIAN A. TSUCHIDA
    United States Magistrate Judge

21

22

23

REPORT AND RECOMMENDATION- 4